LAWRENCE A. ROBEN AND MONICA A. ROBEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roben v. Commissioner
Docket Nos. 21260-83, 33174-83.
United States Tax Court
T.C. Memo 1986-48; 1986 Tax Ct. Memo LEXIS 563; 51 T.C.M. (CCH) 407; T.C.M. (RIA) 86048; February 3, 1986. Peter R. Stromer, for the petitioners. M. Kendall Williams, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies and additions to tax in petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
§ 6653(a)(1)
§ 6653(a)(2)
1979
$7,919
$396
1980
8,419
$119
423
1981
10,690
423
535
n2
Respondent concedes that no additions to tax are due for 1980 or 1981 under section 6651(a)(1). Respondent, however, now contends that additions to tax are due as follows: Year
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1979
$396
1980
conceded
421
1981
conceded
535
n2
*565 The issues for decision are: 1) whether petitioners are entitled to charitable contribution deductions to the Universal Life Church Chapter No. 33069 for the years at issue; 2) whether petitioners are liable for additions to tax under section 6653(a)(1) and section 6653(a)(2); and 3) whether damages should be awarded under section 6673. FINDINGS OF FACT The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Saratoga, California at the time they filed their petitions. Petitioners received Charter No. 33069 from the Universal Life Church, Inc. of Modesto, California, an entity that enjoyed tax exempt status under section 501(c)(3) during the years in issue. Petitioners and Henry W. Miller, who was the treasurer of Chapter No. 33069, were the only members of that congregation. Petitioner Lawrence A. Roben was the minister. There was no evidence about the identity of Henry W. Miller or his relationship to petitioners other than that he was treasurer of the chapter. The only religious and charitable activities claimed by petitioners on behalf of themselves and *566 Chapter No. 33069 were an unspecified number of donations to other charitable organizations in unspecified amounts and counselling "two very close friends who were going through some difficult personal times." Petitioners established an account in the name of Universal Life Church, Chapter 33069 at the Fairchild Electronics Federal Credit Union (credit union), now known as Technology Federal Credit Union. The signatories on this account were petitioners and Henry W. Miller. Petitioners supplied the credit union with the employer identification number of the Universal Life Church, Inc. of Modesto, California, which number was used on that account. Petitioners maintained an account in their own names at this same credit union. Petitioners transferred monies from time to time from their personal account in the credit union or from a personal account in Wells Fargo Bank to the Universal Life Church Chapter 33069 account at the credit union. Petitioners then almost immediately transferred these monies back to their personal accounts as "parsonage allowances," with the exception of two checks payable to Dean Witter Reynolds, a stock brokerage firm, for an account in that brokerage firm *567 in the name of Universal Life Church Chapter 33069. The record contains no other information about the Dean Witter account. No amounts from the credit union account in the name of Chapter 33069 or from petitioners ever made their way to the Universal Life Church, Inc., Modesto, California. During the years at issue, petitioner Lawrence Roben worked full time as an engineer for Fairchild Camera and Instrument Corp., and petitioner Monica Roben worked full time as a teacher for the Santa Clara County Schools. On their tax returns for 1979, 1980 and 1981, petitioners claimed charitable contributions to the Universal Life Church. In his notice of deficiency, respondent disallowed the charitable contributions and determined that additions to tax were applicable. In a motion filed at the hearing, respondent requests damages under section 6673. OPINION Section 170(a) and (c) allows as a deduction any charitable contribution that is made during the taxable year if the organization to which the contribution is made is organized and operated exclusively for religious purposes and no part of the net earnings inures to the benefit of any private individual. Deductions are a matter *568 of legislative grace and taxpayers must satisfy the specific requirements of the deductions they claim. . Taxpayers bear the burden of proving their entitlement to the deductions they claim. . These rules apply with equal force to deductions claimed for charitable contributions. , affd. without published opinion . Petitioners contend that the contributions were made to the Universal Life Church, Inc. of Modesto, California. The Modesto organization was determined to be tax exempt under section 501(c)(3) in . The Internal Revenue Service has recently withdrawn its recognition of the tax exempt status of the Modesto organization and that question is now before the Claims Court. All contributions were deposited to the account of Chapter 33069 at the credit union over which petitioners maintained complete control. The use of the Universal Life Church, Inc. *569 of Modesto's employer identification number on that account was meaningless in terms of proving that the monies went to Modesto. In fact, substantially all of the monies were returned to petitioners. In the alternative, petitioners argue that Charter 33069 itself was entitled to receive tax-deductible charitable contributions. Petitioners presented little evidence regarding the operation of Chapter 33069. There was a vague reference to donations to other charitable organizations, but no evidence as to the number or amount of those contributions. Petitioner Lawrence Roben indicated that he counselled two very close personal friends, but that seemed to be the extent of his church activities. This evidence falls far short of establishing that Chapter 33069 was a church conducting religious activities. In fact, it is so far short that the Court can only conclude that the entire operation was a total sham designed only to avoid income taxes and that no one with the obvious intelligence of petitioners could reasonably have believed that their alleged contributions were legitimate charitable deductions or that the scheme could possibly have worked for tax purposes. It is clear that *570 petitioners' motives were the exact opposite of charitable. It is noted that they both worked for employers which relied heavily on taxes. Petitioners tried hard to see that it was other people's taxes and not theirs which paid the freight. Petitioners called two witnesses who were involved with other chapters of the Universal Life Church.They knew little or nothing about Chapter 33069 with the result that their testimony was irrelevant. We therefore conclude that the charitable contributions to Universal Life Church claimed by petitioners are not deductible under section 170(c)(2) and that respondent's disallowance of these deductions is sustained. We also sustain the additions under sections 6653(a)(1) and (2). Petitioners offered no testimony or other evidence to show that their underpayment of tax was not due to negligence or intentional disregard of the revenue laws. Contrariwise, the record as a whole supports the conclusion that petitioners were motivated by greed and avarice and that they totally ignored what any reasonable person would have expected the rules to be with respect to charitable deductions. Respondent requested the Court to award damages under section *571 6673 for the reason that petitioners instituted and maintained these proceedings primarily for delay and that their position is frivolous and groundless. Petitioners' position with respect to their alleged charitable contributions has been maintained primarily for delay and is utterly frivolous. Accordingly, we award damages to the United States in the total amount of $5,000 ($2,500 in Docket No. 21260-83 and $2,500 in Docket No. 33174-83). Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, and in effect during the years in issue. To be computed on an underpayment of $10,690.00.
[2]↩ To be computed on an underpayment of $10,690.00.